NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4377

_____

PATRICIA A. HANDLEY,
                                    Appellant

v.

CHASE BANK USA NA;
REED SMITH LLP

(D.C. Civil Action No. 09-cv-02187)
(Honorable Stanley R. Chesler)


_____

No. 10-1281

_____

PATRICIA HANDLEY,
                                    Appellant

v.

CITIGROUP INC., d/b/a CITICARDS, N.A.,
a/k/a CITIBANK (SOUTH DAKOTA), N.A.;
JP MORGAN CHASE BANK USA NATIONAL ASSOCIATION,
a/k/a CHASE BANK SA, a/k/a BANK ONE CORP.

(D.C. Civil Action No. 05-cv-04342)
(Honorable Faith S. Hochberg)


_____


On Appeal from the United States District Court
for the District of New Jersey

_____

Before: SCIRICA, JORDAN and VANASKIE, <u>Circuit Judges</u>.

(Filed: July 15, 2010)

_____

OPINION OF THE COURT

_____

<u>PER CURIAM</u>.

Patricia Handley, proceeding pro se, appeals from the orders of the District Court

denying her motion to vacate an arbitration award and granting summary judgment in

favor of appellees in the first action, and dismissing her complaint in a second action.  For

the following reasons, we will affirm.

I.

On August 4, 2005, Patricia Handley filed a pro se complaint in the New Jersey

Superior Court, Law Division, against defendants, Citigroup, Inc. ("Citigroup") and  J.P.

Morgan Chase & Co. ("Chase"), alleging violations of the federal Truth in Lending Act,

15 U.S.C. § 1601 ("TILA") and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §

56:8-1 ("CFA") ("First Action").  She claimed that appellees engaged in illegal lending

and debt collection practices relating to cash advances that she received from each

appellee.[1]  Appellees removed the case to the District of New Jersey and filed an answer

_____

[1]Plaintiff has credit card accounts with Citigroup and Chase.  The transactions in
question include certain balance transfers on two Citigroup accounts made in 2002.  In

and counterclaim for unpaid debt. Chase later moved to compel arbitration consistent with the terms of an alleged agreement with Handley.

The District Court stayed proceedings and ordered that the dispute be submitted to arbitration. In July 2008, the arbitration concluded with an award in favor of Chase in the amount of $19,925.41. Handley filed a motion to vacate the arbitration award in District Court and asked the court to allow her case to proceed to trial. Chase opposed the motion and moved to affirm the arbitration award. In October 2008, the court denied Handley's motion and granted Chase's, recognizing the strong presumption in favor of enforcing arbitration awards, and finding that Handley had failed to meet her burden of proving misconduct.

The District Court approved Handley's motion to reinstate the case against Citigroup, who thereafter moved for summary judgment. In January 2010, the District Court granted Citigroup's motion, dismissed Handley's TILA claims as time-barred, and awarded $17,568.54 on Citigroup's counterclaim. Handley filed a timely appeal, challenging both the October 2008 order in favor of Chase and the January 2010 order in favor of Citigroup. (C.A. No. 10-1281.)

Meanwhile, in May 2009, Handley filed a separate complaint against Chase and its counsel, Reed Smith LLP ("Second Action"). She claimed that appellees' actions during arbitration violated her constitutional right to a fair trial. The District Court granted

2004, Handley received cash advances on her Chase account.

3

appellees' motion to dismiss in October 2009, finding that Handley's complaint was best understood as seeking relief pursuant to 42 U.S.C. § 1983. The court concluded that she did not implicate any federal right, nor did she allege that any person acted under color of law, and dismissed the complaint with prejudice. Handley filed a timely appeal. (C.A. No. 09-4377.)

II.

A.     Motion to Vacate

We have jurisdiction to review the District Court's denial of Handley's motion to vacate the arbitration award in the First Action pursuant to 28 U.S.C. § 1291. We review de novo questions of law that support the confirmation of the arbitration award, but will accept the District Court's findings of fact unless they are clearly erroneous. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995). Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10:

> (a) [A district court] may make an order vacating the award upon the application of any party to the arbitration - -
>     (1) where the award was produced by corruption, fraud, or undue means;
>     (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>     (3) where the arbitrators were guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>     (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

4

The party seeking to overturn an award bears a heavy burden, as these are "exceedingly narrow circumstances," Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003), and courts accord arbitration decisions exceptional deference. See id.

We agree with the District Court that Handley failed to demonstrate that the arbitrator's award should be vacated. In her motion to vacate, Handley claimed that the arbitrator was biased in favor of Chase. As proof, she offered the decision to accept Chase's allegedly untimely request to review whether there was a prima facie claim for $75,000 or more, which had the effect of reducing the arbitration time from three hours to two. However, Handley never requested to enlarge the time of the hearing, did not object to the length, and told the arbitrator that she had had sufficient time to present her case. She also argues that the arbitrator revealed his partiality in refusing to accept certain rebuttal documents. Handley had been warned that information offered after the deadline might not be accepted by the arbitrator. Even if the information–a New Jersey model civil jury charge identifying the elements of intentional infliction of emotional distress and a copy of a case supporting the concept of tolling–was erroneously excluded, Handley has not demonstrated that it caused her substantial harm. See Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594, 599 (3d Cir. 1968). Accordingly, we agree that Handley failed to provide "proof of circumstances powerfully suggestive of bias." Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1523 n.30 (3d Cir. 1994), aff'd, 514 U.S. 938 (1995).

5

In her motion, Handley also argued that Chase and Chase's counsel, Reed Smith LLP, made deceptive misrepresentations throughout the arbitration process, which resulted in an arbitration award procured by fraud. The District Court concluded that Handley failed to support her claims of misrepresentation or deception with sufficient evidence, and further failed to demonstrate how any of the alleged misrepresentations affected the arbitrator's decision. Handley reasserts her original claim that Chase failed to provide her with all necessary disclosures under the TILA, and argues that Chase's defense to these charges constitutes misrepresentation of the facts. She also argues that Chase misstated the elements of intentional infliction of emotional distress. Based on our review of the record, we agree with the District Court that Handley failed to support her claims of misrepresentation, and find no basis to overturn the District Court's denial of her motion to vacate. See First Options, 514 U.S. at 947-48.

Finally, Handley also requests that we act pursuant to Federal Rule of Civil Procedure 60(d) to overturn the District Court's order. Rule 60(d) does not apply to this Court, and we cannot take action on this request.

B.    Summary Judgment

In reviewing a District Court's grant of summary judgment, we exercise plenary review and apply the same standard applicable in the District Court. Regents of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006); Fed. R. Civ. P. 56(c). Summary judgment is proper when, viewing the evidence in the light

6

most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (internal citations omitted).

After thorough review of Handley's arguments on appeal, in light of the record, we conclude that the District Court properly granted summary judgment for appellees. The District Court determined that Handley's claim under the TILA was untimely. Actions under the TILA must be brought within one year of the occurrence of the violation. 15 U.S.C. § 1640(e). Handley does not dispute that she filed her complaint more than one year after the credit card balance transfers and cash advances in question occurred. Instead, she argues that the statute of limitations should be equitably tolled. Equitable tolling can rescue a TILA claim otherwise barred by the statute of limitations. Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 504 (3d Cir. 1998). A plaintiff must show that: (1) [] "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) [] the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) [] the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387

7

(3d Cir. 1994). A plaintiff must show that she "exercised reasonable diligence in investigating and bringing" her claims. Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998).

The District Court properly determined that Handley failed to meet the standard under Oshiver for equitable tolling. The court noted that Handley admitted that she received the offer letters containing the terms in question before she made the transactions in question. However, she avers that she did not notice the relevant terms until 2005. She also acknowledged that she became aware of the increased charges due to a missed payment and, in 2004, received verbal confirmation from Citigroup of the terms of the agreements. She offers no evidence that Citigroup actively misled her regarding the terms of her agreement, or that she was prevented from asserting her rights prior to the expiration of the statutory time limit. See Oshiver, 38 F.3d at 1387. She also has not demonstrated that she began diligently investigating her claim at the earliest possible point. See Miller, 145 F.3d at 618. As such, we agree with the District Court that she has not satisfied the standard for equitable tolling. Accordingly, we agree with the District Court that Handley has failed to set forth facts showing that there is a genuine issue for trial. See Saldana, 260 F.3d at 232.

We review for abuse of discretion the District Court's decision not to exercise supplemental jurisdiction over Handley's state law claims pursuant to 28 U.S.C. § 1367. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). We conclude that the District Court,

8

having determined that Handley's claim under the TILA was time-barred, and having considered that she does not contest the sum she owes to Citigroup, did not err in declining to exercise jurisdiction over her state law claims.

III.

Our review of the District Court's order dismissing the Second Action is plenary. See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In her complaint, Handley claimed that Chase and Reed Smith LLP "conspired to intentionally misrepresent the law and key facts, and to submit misleading documents . . . for the sole purpose of depriving Plaintiff of one of her basic civil rights– . . . a fair and honest trial." She further alleged that, because of appellees' misrepresentations, the arbitrator denied her adequate time to present her case, refused to hear certain evidence, and accepted inapplicable defenses, which ultimately caused her to lose the arbitration.

The District Court determined that Handley's claims are most accurately read as seeking relief under 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must

9

show that the defendant, acting under color of state law, deprived her of a federal right. West v. Atkins, 487 U.S. 42, 48 (1988). As the District Court noted, the Fifth and Fourteenth Amendments impose procedural requirements on governmental actions in civil proceedings. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). In this case, Handley's allegations concern private actors only and consequently do not implicate any federal rights under § 1983. Moreover, we agree with the District Court that nothing in the complaint allows an inference that appellees acted under color of state law. See Iqbal, 129 S. Ct. at 1949. In this Second Action, Handley does not reassert her argument from the First Action that appellee's alleged misdeeds were themselves in violation of the TILA. In any event, Handley raised this argument in the First Action, and we affirmed the District Court's ruling above. Accordingly, we will affirm the District Court's judgment.

IV.

For the foregoing reasons, we will affirm the District Court's judgments in both actions.

10