**DLD-110 & DLD-111**                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3568
_____

PATRICIA A. HANDLEY,
                              Appellant

v.

CHASE BANK USA, NA; REED SMITH, LLP
_____

No. 11-3569
_____

PATRICIA A. HANDLEY,
                              Appellant

v.

CITIBANK, (SOUTH DAKOTA) N.A.; CHASE BANK USA, N.A.,
a/k/a BANK ONE CORP.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Nos. 11-cv-02904 & 11-cv-02906)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012

Before:  AMBRO, JORDAN & VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 24, 2012)

1

_____

OPINION

_____

PER CURIAM

Patricia Handley, proceeding pro se, appeals from two orders of the District Court

entering final judgment in favor of the defendants in two actions. Because we conclude

that these appeals present no substantial questions, we will summarily affirm. See 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.

I.

In April 2011, Patricia Handley filed two pro se complaints in the New Jersey

Superior Court, Essex County. In the first action ("first action"), C.A. 11-3569[1], Handley

named as defendants Citibank and Chase Bank ("Chase"). She alleged violations of the

federal Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and the New Jersey Consumer

Fraud Act, N.J. Stat. Ann. § 56:8-1 ("CFA"). The next complaint ("second action"), C.A.

11-3568, named Chase and Reed Smith as defendants. Handley claimed that the

defendants' actions during arbitration proceedings violated her constitutional right to a

fair trial.

The defendants in both actions removed the cases to the District of New Jersey,

and, in each action, filed motions to dismiss pursuant to Federal Rule of Civil Procedure

_____

[1] Although this case number is the second of Handley's two appeals, it was the first complaint she field in state court and the factual allegations of the first complaint form the basis for the allegations in her other appeal, C.A. 11-3568.

2

12(b)(6). Handley filed oppositions to removal, but did not file a motion to remand in either case, nor did she file anything in opposition to the motions to dismiss. The defendants based their motions to dismiss on res judicata, arguing that both actions sought to litigate cases that were previously filed, litigated, and concluded. The District Court agreed; it issued one opinion and one order granting both motions, and dismissing the cases with prejudice. Handley filed a timely appeal in each case.[2]

## II.

To prevail on a motion seeking to invoke res judicata, a movant must establish: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010) (internal citation omitted).

In the first action, Handley recounts that she filed suit against the same defendants in 2005 and provides a statement of facts taken from that complaint. (See D.C. Civil Action No. 05-cv-04342.) The 2005 complaint alleged (1) that defendants made deceptive disclosures to induce her to agree to credit card cash advances in 2002 and 2004, in violation of the TILA and the CFA,[3] and (2) that defendants used debt collection agencies that knowingly violated the Fair Debt Collection Practices Act ("FDCPA") and

---

[2] We exercise plenary review over the District Court's dismissal pursuant to Rule 12(b)(6). See McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009).

[3] Handley has credit card accounts with Citigroup and Chase. The transactions in question include certain balance transfers on two Citigroup accounts made in 2002. In 2004, Handley received cash advances on her Chase account.

3

intentionally inflicted emotional distress. The defendants removed the case to the District Court and moved to compel arbitration consistent with the terms of an alleged agreement with Handley. The arbitration concluded with an award in favor of Chase. The District Court denied Handley's motion to vacate the award, but approved her motion to reinstate the case against Citigroup. The District Court later granted Citigroup's motion for summary judgment, dismissed Handley's TILA claims as time-barred, and awarded Citigroup $17,568.54 on its counterclaim. We affirmed. See Handley v. Chase Bank USA NA, 387 F. App'x 166 (3d Cir. 2010).

In the second action, Handley begins by stating: "[t]his suit was filed in U.S. District Court on May 8, 2009." In May 2009, Handley filed a complaint, see D.C. Civil Action No. 09-cv-02187, that is nearly identical to the complaint in the current second action. In it, she claimed that Chase and Reed Smith LLP intentionally misrepresented the law and key facts and submitted misleading documents as part of a conspiracy to deprive her of her right to a fair trial. She further alleged that, because of the defendants' misrepresentations, the arbitrator denied her adequate time to present her case, refused to hear certain evidence, and accepted inapplicable defenses, which ultimately caused her to lose the arbitration. The District Court granted the defendants' motion to dismiss in October 2009, finding that Handley's complaint was best understood as seeking relief pursuant to 42 U.S.C. § 1983. The court concluded that she did not implicate any federal right, nor did she allege that any person acted under color of law, and dismissed the complaint with prejudice. We affirmed. See Handley, 387 F. App'x 166.

4

In September 2011, the District Court concluded that both suits are barred under the doctrine of res judicata. The District Court properly concluded that the complaint in the first action asserts the same claims as the 2005 complaint. (See D.C. Civil Action No. 05-cv-04342; C.A. 10-1281.) Likewise, the second action acknowledges at the outset that "[t]his suit was filed in U.S. District Court on May 8, 2009." The District Court correctly found no material difference between claims in the second action and those asserted in the 2009 complaint. (See D.C. Civil Action No. 09-cv-02187; C.A. 09-4377.)

Handley raised precisely the same allegations against the same defendants in two prior suits. Both previously-filed cases ended in judgments, which Handley appealed to this Court. We upheld both judgments and the Supreme Court denied certiorari. Accordingly, the doctrine of res judicata bars Handley "from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney, 621 F.3d at 347.

Handley also now claims that removal was improper. She relies on Rivet v. Regions Bank of La., 522 U.S. 470 (1998). In that case, the Supreme Court held that removal is improper where it is "predicated on a defendant's assertion that a prior federal judgment has disposed of the entire matter and thus bars plaintiffs from later pursuing a state-law-based case." Id. at 472. The case is not analogous, as the removal in this case was based on Handley's claims under federal law, not the defendants' federal defenses. Accordingly, removal was appropriate under 28 U.S.C. §§ 1441 and 1331.

5

III.

Because the appeal does not present a substantial question, we will summarily

affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.