12-4364-cv
AngioDynamics, Inc. v. Biolitec, Inc.

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2013

(On submission: August 22, 2013   Decided: January 9, 2015)

Docket No. 12-4364-cv

_____

AngioDynamics, Inc.,

*Plaintiff-Appellee*,

v.

Biolitec, Inc.,

*Defendant-Counter-Claimant-Counter-Defendant-Appellant*,

v.

Biolitec FZ,

*Movant*.

_____

Before: Cabranes, Hall, Chin, *Circuit Judges*.


Defendant-Appellant Biolitec, Inc. and plaintiff-appellee AngioDynamics, Inc. stipulate, pursuant to Federal Rule of Appellate Procedure 42(b), to withdraw this appeal from the September 28, 2012 partial final judgment entered by the United States District Court for the Northern District of New York (Lawrence E. Kahn, *J.*). Non-party Biolitec FZ moves pursuant to Federal Rule of Appellate Procedure 43(b) to be substituted for Biolitec, Inc. as a party-appellant. Biolitec, Inc. and AngioDynamics, Inc. oppose the motion.

We decline to exercise our discretion to permit substitution because Biolitec FZ has not demonstrated that it "needs to be substituted" within the meaning of Rule 43(b).  We therefore deny the substitution motion, approve the stipulation, and dismiss the appeal.

William Edward Reynolds, Bond, Schoeneck & King, PLLC, Albany, NY, *for Plaintiff-Appellee*.

David Merrill Posner, Otterbourg, Steindler, Houston & Rosen, P.C., New York, NY, *for Defendant-Counter-Claimant-Counter-Defendant-Appellant*.

Edward Griffith, Bolatti & Griffith LLP, New York, NY, *for Movant*.

**PER CURIAM**:

Non-party Biolitec F.Z., LLC ("Biolitec FZ") moves pursuant to Federal Rule of Appellate Procedure 43(b) to be substituted for or joined with Biolitec, Inc. as a party-appellant in appealing the September 28, 2012 partial final judgment entered by the United States District Court for the Northern District of New York (Lawrence E. Kahn, *J.*). Named parties Biolitec, Inc. ("Biolitec") and AngioDynamics, Inc. ("AngioDynamics") oppose the motion and stipulate to withdraw the appeal without costs and without attorneys' fees pursuant to Federal Rule of Appellate Procedure 42(b). We hold that substitution is not warranted in this case because Biolitec FZ has not demonstrated that it "needs to be substituted" within the meaning of Rule 43(b). We therefore deny Biolitec FZ's motion, approve the stipulation, and dismiss the appeal.[1]

## Background

In January 2008, AngioDynamics commenced a diversity action against Biolitec, alleging that Biolitec failed to fulfill its contractual obligation to defend or indemnify AngioDynamics for litigation expenses and losses resulting from AngioDynamics's distribution of Biolitec's products. In response, Biolitec filed four counterclaims seeking to recoup litigation expenses it claimed to

---

[1] By order filed August 23, 2013, this Court denied the motion to substitute, approved the stipulation, and dismissed the appeal, stating that an opinion explaining the order would issue in due course.

2

have incurred to defend AngioDynamics in underlying litigation and that were not covered by a distribution contract.  In September 2012, the United States District Court for the Northern District of New York (Lawrence E. Kahn, *J.*) granted partial judgment to AngioDynamics and certified the judgment for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b).  Biolitec timely appealed.

On January 22, 2013, during the pendency of this appeal, Biolitec filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey.  A schedule of Biolitec's assets in the bankruptcy action listed a "[c]laim against [AngioDynamics] for reimbursement of litigation fees, etc."  Although this appeal was initially stayed due to the automatic stay imposed by the bankruptcy court pursuant to 11 U.S.C. § 362, the bankruptcy court later modified that stay to permit the appeal to proceed.  The bankruptcy court also allowed the continuation of two other actions brought against Biolitec and several other defendants, including Wolfgang Neuberger, who owned or managed Biolitec and several related firms.

In July 2013, the parties requested to stay this appeal once again because AngioDynamics had executed a settlement agreement with Biolitec's bankruptcy trustee that, upon its acceptance by the bankruptcy court, would settle the bankruptcy action and withdraw this appeal.  Later that month, AngioDynamics and Biolitec stipulated to withdraw this appeal pursuant to Local Rule of Appellate Procedure 42.1 without prejudice to reinstatement upon the filing of written notice.

The same day the parties filed their stipulation, Biolitec FZ, Biolitec's corporate parent located in the United Arab Emirates, moved in this Court pursuant to Federal Rule of Appellate Procedure 43(b) to be substituted for or joined with Biolitec.  Biolitec FZ claimed that on January 21, 2013 (the day before Biolitec filed its bankruptcy petition), it had received a 75% interest in two of Biolitec's counterclaims in exchange for $200,000 given to Biolitec's corporate parent to

3

cover Biolitec's legal fees in the New Jersey bankruptcy action. Attached to its motion, Biolitec FZ included an unnotarized assignment agreement purportedly executed by Neuberger on behalf of both Biolitec and Biolitec FZ.

AngioDynamics opposed the substitution motion on two grounds. It first argued that Rule 43(b), by its terms, permits substitution only when a party "needs to be substituted" and, therefore, does not permit substitution in circumstances when an original party has voluntarily chosen to stop litigating.[2] It next contended that the January 2013 assignment of Biolitec's counterclaims to Biolitec FZ was an "illegal contract" that violated both the bankruptcy court's automatic stay and a preliminary injunction imposed by the United States District Court for the District of Massachusetts in related litigation. AngioDynamics asserted that the Massachusetts injunction barred Biolitec, as a defendant in that action, from transferring any interest it may have in any property, except in circumstances not relevant here. *See AngioDynamics, Inc., v. Biolitec AG*, 910 F. Supp. 2d 346, 349 (D. Mass. 2012). AngioDynamics also noted that the Massachusetts district court had held Neuberger and several firms associated with Biolitec in contempt for violating another portion of the same injunction and had issued a warrant for Neuberger's arrest. *See AngioDynamics, Inc. v. Biolitec AG*, 946 F. Supp. 2d 205, 215 (D. Mass. 2013).

Biolitec FZ replied that Rule 43(b) does not require an original litigant to be "incapable of continuing" the litigation, and that its receipt of an interest in this appeal, coupled with Biolitec's desire to withdraw, were sufficient to permit substitution. As to the validity of the January 2013 assignment, Biolitec FZ asserted that: (1) it had sought vacatur of the contempt order and

---

[2] Rule 43(b) provides that "[i]f a party needs to be substituted for any reason other than death, the procedure prescribed in Rule 43(a) [applicable to substitution which the court of appeals "may" permit in cases involving death of a party] applies."

4

preliminary injunction; (2) the assignment occurred before the bankruptcy petition was filed; and (3) the proper fora for litigating issues related to the preliminary injunction and bankruptcy stay were the courts from which those orders issued. Biolitec FZ conceded, however, that if the bankruptcy court determined that the assignment was invalid, its "substitution in this appeal would be inappropriate."

In August 2013, after Biolitec FZ's substitution motion was fully briefed, the New Jersey bankruptcy court approved the settlement of all claims and the purchase of most of Biolitec's assets by AngioDynamics. In so doing, the bankruptcy court "expunged" Biolitec FZ's proof of claim based on the purported January 2013 assignment. The bankruptcy court explained that the assignment was "void and without force and effect" because: (1) the counterclaims were listed as part of Biolitec's bankruptcy estate; (2) the assignment agreement was unnotarized, signed by Neuberger on behalf of both parties, and executed one day before the filing of the bankruptcy petition; (3) the assignment likely violated the injunction in the Massachusetts litigation; and (4) Biolitec FZ did not inform the bankruptcy court of the assignment until May 2013, some four months after it occurred. Biolitec FZ appealed the order expunging its proof of claim to the District Court in New Jersey, but did not challenge the bankruptcy court's other decisions.[3] Shortly after the bankruptcy court approved the settlement, AngioDynamics and Biolitec again stipulated to withdraw this appeal without costs or attorneys' fees, this time with prejudice and with no provision for reinstatement.

---

[3]In the time since we originally denied Biolitec FZ's substitution motion, the United States District Court for the District of New Jersey has affirmed the bankruptcy court's decision. *See In re Biolitec, Inc.*, No. 13-cv-5864, 2013 U.S. Dist. LEXIS 178260 (D. N.J. Dec. 16, 2013). Biolitec FZ's appeal from that decision currently remains pending in the Third Circuit.

Discussion

The parties to this appeal have settled the underlying action and have agreed to dismiss the appeal. Such a procedural posture ordinarily results in the dismissal of the appeal, either as moot or pursuant to the parties' stipulation. *See Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 120 (1985) (case is mooted upon the "complete settlement of the underlying causes of action"); *see also* Fed. R. App. P. 42(b) (permitting dismissal of an appeal "if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due"). The only issue before us is whether Biolitec FZ's Federal Rule of Appellate Procedure 43(b) substitution motion requires a different outcome.

Rule 43(b) provides that "[i]f a party needs to be substituted for any reason other than death, the procedure prescribed in Rule 43(a) [applicable to substitution which the court of appeals "may" permit in cases involving death of a party] applies." The provision itself is terse, and the Advisory Committee Notes provide no guidance as to its interpretation. So far as we can tell, we have cited Rule 43(b) in only two published opinions. In the first, we simply noted that a general guardian was entitled to file a notice of appeal on behalf of a disabled party even though the guardian had not been substituted before that point. *See Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 650 n.4 (2d Cir. 1999). In the other, we granted without explanation a party's unopposed motion to be substituted for its corporate predecessor-in-interest. *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 578 n.5 (2d Cir. 2000).

Other circuits have considered the Rule in greater depth. In *Alabama Power Co. v. Interstate Commerce Commission*, the District of Columbia Circuit held that the inclusion of the word "necessary" in the 1986 version of Rule 43(b) meant that substitution is available only when "a party to the suit is unable to continue to litigate, not . . . [when] an original party has voluntarily

chosen to stop litigating." 852 F.2d 1361, 1366 (D.C. Cir. 1988); *see* Fed. R. App. P. 43(b) (1986) (permitting substitution when "necessary for any reason other than death"). The court reasoned that because subsections (a) and (c) of the Rule allow for substitution when a party dies or is removed from office, and thus necessarily cannot continue an appeal, the "most natural reading" of Rule 43(b) "is to permit substitution in similar situations where a party is incapable of continuing the suit." *Alabama Power, 852 F.2d at 1366.* (listing, as examples of such situations, when "a party becomes incompetent or a transfer of interest in the company or property involved in the suit has occurred"); *see also* Fed. R. App. P. 43(a), (c). Based on this reasoning, the Court of Appeals held that a railroad company could not substitute for two railroad trade associations that had settled during the appeal, especially considering that the railroad company had not participated in the underlying administrative proceedings. *See Alabama Power, 852 F.2d at 1368*; *see also Maier v. Lucent Techs., Inc.*, 120 F.3d 730, 732 n.1 (7th Cir. 1997) (permitting substitution of one company for another where an organizational unit that was the subject of the litigation passed from the ownership of one company to the other and noting that "'[n]ecessary' . . . means that the party for whom substitution is sought . . . is incapable of continuing with the litigation").

We agree with the D.C. Circuit's interpretation of the prior version of Rule 43(b) and hold that it is equally applicable to the current version. Although Rule 43(b) was amended in 1998 to read that substitution is appropriate when "a party needs to be substituted," Fed. R. App. P. 43(b) (2015), the Advisory Committee Notes indicate that this change was "intended to be stylistic only," *id*. at Advisory Committee Notes, 1998 Amendments. The substance of the Rule, therefore, remains the same as when it was examined by the D.C. Circuit. Furthermore, as was the case when *Alabama Power* was decided, the other two subsections of Rule 43 continue to apply only

7

when a particularly compelling reason— death or removal from office—prevents a party from proceeding, thus necessitating substitution. *See* Fed. R. App. P. 43(a), (c) (2015). In sum, we hold that substitution under Rule 43(b) is permissible only when "a party to the suit is unable to continue to litigate" and not when "an original party has voluntarily chosen to stop litigating." *Alabama Power*, 852 F.2d at 1366.

Applying this rule to the circumstances of this case, we deny Biolitec FZ's substitution motion. Biolitec, the party for which Biolitec FZ seeks to be substituted, settled the underlying action and voluntarily chose to stop litigating this appeal the same day Biolitec FZ filed its substitution motion. It later reaffirmed that position after Biolitec FZ's motion was fully briefed. As we have just held, substitution under Rule 43(b) is not available under such circumstances. And while Biolitec FZ correctly points out that substitution under Rule 43(b) may be permitted when "a transfer of interest in the . . . property involved in the suit has occurred," *id*., the purported assignment in this case has been expunged by the bankruptcy court in a decision since affirmed on appeal. *See In re Biolitec, Inc.*, No. 13-cv-5864, 2013 U.S. Dist. LEXIS 178260 (D. N.J. Dec. 16, 2013). Indeed, in its papers, Biolitec FZ explicitly conceded that "if the bankruptcy court determine[d] that the assignment agreement is invalid, substitution in this appeal would be inappropriate." We agree.

## Conclusion

For the foregoing reasons, the motion to substitute is denied, the stipulation is approved, and the appeal is dismissed.