# United States Court of Appeals for the Federal Circuit

---

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1367,**
*Non-Party Petitioner*

**MICHAEL JOHNSON,**
*Movant*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2021-1488

---

Petition for review of an arbitrator's decision in Nos. FMCS 201022-00677, FMCS 201104-00992 by Leroy R. Bartman.

---

Decided: February 27, 2023

---

GLEN D. MANGUM, Law Offices of Glen D. Mangum, San Antonio, TX, argued for movant-movant.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

––––––––––––––––––

Before PROST, REYNA, and STARK, *Circuit Judges.*

REYNA, *Circuit Judge.*

The U.S. Air Force removed Michael Johnson from his position as an Air Traffic Watch Controller Supervisor for careless performance of assigned duties. The American Federation of Government Workers Local 1367 (the "local Union") challenged the removal on behalf of Mr. Johnson through an arbitration proceeding. The Arbitrator upheld Mr. Johnson's removal, and the local Union appealed that decision to this court. The local Union later withdrew, and we dismissed the appeal. Subsequently, Mr. Johnson filed a motion to substitute himself for the local Union, invoking Rule 43(b) of Federal Appellate Procedure. We granted Mr. Johnson's motion to the limited extent of vacating our prior order that dismissed the appeal and reinstating the appeal. We further ordered briefing on the issue of substitution and the merits of the appeal. The motion remains pending before us in all other respects.

Having considered Mr. Johnson's arguments, we deny Mr. Johnson's motion to substitute, do not reach the merits, and dismiss the appeal.

BACKGROUND

Mr. Johnson served as an Air Traffic Controller Watch Supervisor for the Department of Defense. J.A. 2.[1] On September 12, 2018, Mr. Johnson was working in the Kelly Tower, an airline control tower in San Antonio, Texas. J.A. 8. During his watch, a traffic controller trainee gave an F-16 aircraft clearance for takeoff while a T-38 aircraft was in the process of clearing the runway. J.A. 9. According to Federal Aviation Administration ("FAA") policy, the

––––––––––––––––––

[1]    J.A. refers to Mr. Johnson's Appendix, ECF No. 54.

situation called for four miles of separation between the aircrafts. J.A. 6. On this occasion, only 2.33 miles separated the aircrafts, in violation of FAA policy. J.A. 10.

The Air Force then alleged that Mr. Johnson was at fault for the September 12 violation and that this was grounds for removal in light of his prior offenses. J.A. 27. On April 17, 2019, Director of Operations Joseph Meaux issued a notice of decision to remove Mr. Johnson, effective May 11, 2019. J.A. 2.

On May 7, 2019, the local Union initiated grievance procedures, in accordance with a collective bargaining agreement. J.A. 3. When the dispute was not resolved through the grievance procedure, the local Union invoked arbitration through the Federal Mediation and Conciliation Service. *Id.* On November 16, 2020, the Arbitrator upheld the Air Force's removal decision ("Arbitration Decision"). J.A. 17.

The local Union appealed the Arbitration Decision to this court on December 31, 2020. On April 12, 2021, the Air Force filed a motion to dismiss, arguing that the local Union lacked standing to bring this appeal on Mr. Johnson's behalf. The local Union informed the court that it was withdrawing from the appeal because its national union, American Federation of Government Workers (AFGE), had placed the local Union in receivership and stripped its counsel of all authority to proceed.[2] The court denied the motion to dismiss as moot and dismissed the appeal.

---

[2] Generally, a receivership occurs when an entity is attempting to avoid bankruptcy and thus is placed under the control of a receiver. *See* 65 Am. Jur. 2d Receivers §§ 75 & 84 (2023). An appointed receiver may then manage the entity's assets as well as its financial and operating decisions. *See id.*

On May 25, 2021, Mr. Johnson moved to reinstate the local Union's appeal. The Air Force opposed, arguing, *inter alia*, that reinstating the case was improper because Mr. Johnson was not a party to the appeal brought by the local Union.

On June 8, 2021, Mr. Johnson moved to be substituted for the local Union. The Air Force responded, contending that the court could not substitute a party in a terminated appeal where the original party lacked standing. Mr. Johnson did not dispute that the local Union lacked standing but argued that substitution in this case is appropriate.

On August 17, 2021, the court granted Mr. Johnson's motion "to the limited extent" of vacating our prior order that dismissed the appeal and reinstating the appeal. Order (Aug. 17, 2021), ECF No. 30. We further ordered briefing on the "appropriateness of substitution and the merits of the petition for review." *Id.* The remainder of the motion that was referred to the merits panel is pending before us.

## DISCUSSION

Mr. Johnson argues that he should be permitted, pursuant to Federal Rule 43(b) of Appellate Procedure, to substitute the local Union in this appeal. In support, he advances several arguments, including, for example, that he is the true party-in-interest because his termination (i.e., removal) is the subject of the appeal, that the local Union mistakenly filed the appeal in its name, and that the local Union was later compelled to withdraw from the appeal. ECF No. 26; Appellant's Br. 14–16. The Air Force contends that substitution in this matter would be improper because the local Union lacked standing to file the appeal before this court. Appellee's Br. 13-16.

Generally, a federal employee may seek to reverse an adverse employment decision, such as termination, by appealing the decision directly to the Merit Systems

Protection Board ("MSPB").    5 U.S.C. §§ 7121(e)(1), 7512(1), 7513(d).  In cases such as here, where the employment position is covered by a collective bargaining agreement, the employee has a choice to proceed before arbitration or to proceed before the MSPB.  *Id.*  If the employee chooses to proceed before the MSPB, the employee may appeal an unfavorable ruling by the MSPB to this court.  5 U.S.C. § 7703(b)(1).  If the choice is made to proceed via arbitration, only the union may appear as a party at the arbitration, on its behalf or on the behalf of the employee. 5 U.S.C. §§ 7121(b)(1)(C)(i) & (iii).  Significant here, if the arbitration results in an unfavorable decision, only the employee may appeal the unfavorable arbitration award before this court.  *See Reid v. Dep't of Com.*, 793 F.2d 277, 282 (Fed. Cir. 1986); *see also AFGE Loc. 3438 v. Soc. Sec. Admin.*, No. 2021-1972, 2022 WL 1653177, at *3 (Fed. Cir. May 25, 2022) (Reyna, J., additional views); *see also* 5 U.S.C. § 7121(f) (explaining 5 U.S.C. § 7703 applies to the review of an arbitrator's award in this court "in the same manner and under the same conditions as if the matter had been decided by the Board").

As noted above, Mr. Johnson elected arbitration, where he was represented by the local Union.  *See* J.A. 29.  The arbitration proceeding resulted in an unfavorable decision to Mr. Johnson.  The unfavorable decision was then appealed to this court by the local Union.  Mr. Johnson was not a party to the appeal.

Our precedent and prior statutory interpretation are clear that unions lack standing to initiate an appeal of an arbitration decision under 5 U.S.C. § 7703(a).  *See Reid*, 793 F.2d at 282; *see also Senior Execs. Ass'n v. Off. of Pers. Mgmt.*, 113 F.3d 1254 (Fed. Cir. 1997) (nonprecedential). The parties in this appeal do not dispute that the local Union in this case lacked standing to appeal the Arbitration Decision. The question before us is whether a party may substitute under Rule 43(b) where the original party to the appeal lacked standing.  We hold that it may not.

Generally, Rule 43(b) governs substitution for "any reason other than death." Fed. R. App. P. 43(b). For example, substitution may "be necessary when a party is incapable of continuing the suit," such as when the property-at-issue or focus of the litigation shifts, rendering another entity the real party in interest. *Mojave Desert Holdings, LLC v. Crocs, Inc.*, 995 F.3d 969, 975 (Fed. Cir. 2021) (quoting 21 James W. Moore et al., Moore's Federal Practice – Civil § 343.12 (2020)); *see AngioDynamics, Inc. v. Biolitec, Inc.*, 775 F.3d 550, 554 (2d Cir. 2015) (holding substitution is "permissible only when a [proper] party to the suit is unable to continue to litigate" (internal quotation marks omitted)). This court has allowed substitution for a successor-in-interest to a party that had standing at the outset of the appeal. *See Olaplex, Inc. v. L'Oreal USA, Inc.*, 845 F. App'x 943, 948–49 (Fed. Cir. 2021) (nonprecedential).

Other circuits evaluating Rule 43(b) have held that substitution is impermissible where the original party was not a proper party. *See, e.g., Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1128 n.3, 1131–32 (11th Cir. 2019); *Sable Commc'ns of Cal. Inc v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (noting an implicit "precondition that the original party was a proper party to the suit").

Mr. Johnson argues various grounds for why substitution is permissible in this case. While he is correct that Rule 43(b) permits substitution in certain circumstances, the cases he relies on involve intervention or substitution in matters where the original party being substituted had standing. Here, in contrast, the local Union does not have standing by operation of the statute, 5 U.S.C. § 7703(a). We reject the invitation to ignore § 7703(a).

Based on the foregoing, we hold that a party may not substitute under Rule 43(b) when the original party being substituted lacked standing to initiate the appeal. We have considered the remainder of Mr. Johnson's arguments and find them without merit. We deny Mr. Johnson's motion

for leave to substitute for the local Union and do not reach the merits of this appeal, which is hereby dismissed.

**DISMISSED**

COSTS

No costs.